**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JAMES DENBY,
PETITIONER
Reg. #07767-026

v.                                          2:14CV00108-JLH-JJV

C. V. RIVERA, Warden,
FCI-Forrest City Low                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

I. **BACKGROUND**

On August 26, 2014, Petitioner James Denby filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1.) In the Petition, he alleges his due process rights were violated when a Disciplinary Hearing Officer (DHO) found Mr. Denby had committed the prohibited act of possession of a weapon and forfeited forty-one days of good conduct time. (Doc. 8-1 at 29.) Mr. Denby is incarcerated in the Federal Correction Complex (Low) in Forrest City, where the living accommodations consist of an open dormitory with cubicles. (Doc. No. 1.) The cubicles are unsecured and include bunk beds for two inmates. (*Id.*) Petitioner shared his cubicle with Inmate Jaryl L. Wilson.[1] On January 18, 2014, a correctional officer found a weapon hidden in the ladder of the bunk that Mr. Denby shares with Mr. Wilson. (Doc. No. 8-1 at 23.) Mr. Denby slept in the bottom bunk and Mr. Wilson on the top. (Doc. No. 2.)

While performing a random search, Senior Officer Mallard found "a homemade weapon made from scissors, approximately 8 inches long concealed inside the bottom end of the bunk ladder." (Doc. No. 8-1 at 19.) He wrote an incident report charging both inmates with a violation

---

[1] Reg. #21412-031, Inmate Wilson was also found to be in possession of the weapon. (Doc. No. 10.)

of Offense Code 104.[2]  Possession of a weapon in prison is also a violation of federal law.[3] Therefore, administrative processing of the incident report was suspended while the United States Attorney's Office (USAO) considered whether it would proceed with prosecution.  (Doc. No. 8.) On February 4, 2014, the USAO declined prosecution, and the incident was returned to the prison for processing. (Doc. No. 8-1 at 21.)  The prison resumed its investigation into the incident.  After reading Mr. Denby his rights and taking a statement, Lt. Watson found that a violation had occurred, (Doc. No. 8-1 at 20) and transferred the incident report to the Unit Discipline Committee (UDC) for disposition.  (*Id.*)

On February 7, 2014, the UDC provided Mr. Denby with a hearing, and referred the incident report to the Discipline Hearing Officer (DHO).  (Doc. No. 8-1 at 19.)  Mr. Denby was provided a Notice of Discipline Hearing and he requested a staff representative and two character witnesses to testify on his behalf.  (Doc. No. 8-1 at 24.)  He was also given a form advising him of his rights (Doc. No. 8-1 at 25), and at the February 13, 2014, hearing, Mr. Denby was read his rights, was represented by Special Investigative Services Technician S. Davenport, was allowed to make a statement, and called two witnesses who testified on his behalf. (Doc. No. 8-1 at 27.)  Nevertheless, the DHO found that Mr. Denby was in possession of the weapon and sanctioned him to thirty days disciplinary segregation, 180 days loss of visits and e-mail, and forty-one days of good conduct time forfeited.  (Doc. No. 8-1 at 29.)  The DHO completed a written report of his findings, and it was given to Mr. Denby on February 27, 2014.  (*Id.*)

The instant Petition focuses on forty-one days of lost good conduct time.  Mr. Denby believes he was denied due process rights when prison officials forfeited this time. (Doc. No. 1.)

---

[2]"Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife or dangerous chemical, explosive or any ammunition."  (Doc. No. 8.)

[3]18 U.S.C.A. § 1791 (2010).

3

He contends that because he is actually innocent of the offense, his due process rights were violated, and the evidence fails to support a finding that he possessed the weapon. (*Id.*) Respondent counters by arguing that 1) Mr. Denby failed to exhaust his administrative remedies,[4] and 2) there was no violation of Petitioner's right to due process.

The Court has carefully reviewed the Petition, the Response and the supporting documentation. After careful review of the evidence in this case, the Court agrees that Petitioner was afforded due process and his constitutional rights were not violated.

## II. ANALYSIS

The standard two-step analysis of the Due Process Clause is 1) whether a person's liberty interest exists and has been deprived, and 2) "whether the *procedures* followed by the State were *constitutionally sufficient.*" *Swarthout v. Cooke*, 131 U.S. 859, 861 (2011) (emphasis added). After a liberty interest has been established, the "Due Process Clause requires fair procedures for its vindication - and federal courts will review the application of those constitutionally required procedures." *Id.* at 862. In *Wolff v. McDonnell,* 418 U.S. 539, 563-569 (1974), and *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985), the United States Supreme Court provided correctional institutions with guidelines for due process in the prison disciplinary context. Prisoners are entitled to 1) written notice of the violation at least twenty-four hours in advance; 2) the ability to call witnesses and present a defense as long as it does not

---

[4]The Court disagrees with Respondent on this point. Mr. Denby did all within his power to exhaust. He attached his regional appeal (Doc. No. 1 at 6) and central office appeal (Doc. No. 1 at 11). He questioned his prison counselor and case manager regarding the status of the central office appeal and was informed Washington was behind. (Doc. No. 10.) Eventually he assumed the lack of response constituted a denial and filed the instant petition. (*Id.*) Respondent submitted an affidavit from Senior Attorney Deborah Locke stating that BOP records do not "reflect that Central Office ever received a BP-11 from Petitioner." (Doc. No. 8-1 at 7.) However, if Petitioner had waited for a response from the Central Office, he would have missed the one-year statute of limitations and would have been barred from filing a habeas case completely.

jeopardize institutional safety or correctional goals; and 3) a written statement from an impartial decision maker that identifies the evidence he relied upon when coming to the conclusion of disciplinary action. *Wolff*, 418 U.S. at 563-67. In *Hill*, the Supreme Court added that "the findings of the prison disciplinary board [must be] supported by some evidence in the record" to comport with due process. *Hill*, 472 U.S. at 454.

Respondent provided Mr. Denby with ample due process during this incident. After Senior Officer Mallard discovered the weapon, he wrote an incident report. Lt. Watson delivered the report to Mr. Denby on February 5, 2014 (Doc. No. 8-1 at 19), and forwarded it to the UDC for further disposition. (*Id.* at 20.) Mr. Denby was given notice of his hearing on February 7, 2014, and he requested staff representation and two witnesses to speak on his behalf. (*Id.* at 24.) The hearing was held on February 13, 2014, well after the twenty-four hour requirement. Both witnesses testified (*Id.* at 27) and Mr. Denby was represented by a staff member. (*Id.*) After the hearing, the DHO provided Mr. Denby with a written statement describing the evidence presented and the reasons behind the sanctions. (*Id.*) Respondent took adequate steps to ensure that Petitioner received due process and sufficiently provided Mr. Denby with the procedural due process steps created in *Wolff*.

The standard for review provided by the United States Supreme Court in *Hill* is that there must be "some evidence" to support the DHO's findings. Although the Court agrees that this case is a close call, it is still bound by the "some evidence" standard. And this standard is very low.

The weapon was found in the ladder in Mr. Denby's cubicle. Mr. Denby's evidence did not show the weapon belonged to another inmate and his statement that the weapon was "planted" was not corroborated by any evidence presented at the hearing. The DHO explained in his written statement that the inmates must "maintain their living areas free of contraband at all times." (Doc No. 8-1 at 29). He even cautioned Mr. Denby that to "ensure [he is not] being setup (sic), [he] should conduct a search of [his] area of responsibility on a regular and routine basis." The fact that

5

the weapon was found in Mr. Denby's ladder near his bunk is some evidence in itself, but the DHO added the fact that inmates have a responsibility to keep their areas free from contraband.

It is understandable that Mr. Denby feels wronged. The evidence against Mr. Denby was certainly not overwhelming. But there was "some evidence," given that the weapon was found within his living area - an area he is required to keep free of contraband. So there simply is no constitutional violation here. He was afforded due process, and his Petition for Writ of Habeas Corpus must be denied.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED, and the requested relief be DENIED.

DATED this 10th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE